Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,658-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

23RD PSALM TRUCKING, L.L.C.          Plaintiff-Appellant

versus

MADISON PARISH POLICE JURY          Defendant-Appellee

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Madison, Louisiana
Trial Court No. 2020132

Honorable Laurie Reis Brister, Judge

* * * * *

MILLER, HAMPTON & HILGENDORF          Counsel for Appellant
By: Gregory John Miller


DANNIE P. GARRETT, III          Counsel for Appellee


* * * * *

Before STONE, COX, and THOMPSON, JJ.

**STONE, J.**

This civil appeal arises from a contract dispute, where Plaintiff-Appellant, 23rd Psalm Trucking Company, L.L.C. ("Psalm Trucking"), appeals the summary judgment in favor of the Defendant-Appellee, Madison Police Jury ("Police Jury"). For the reasons set forth below, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

This case stems from a written agreement between a sanitation provider and a local police jury. Pursuant to the terms of the contract, Psalm Trucking was to collect and dispose of residential refuse in Madison Parish. The terms of the contract provided that "[t]he contract shall be for a four (4) year period beginning upon the performance of the contract and ending four (4) years thereafter." Additionally, "[t]his agreement will automatically renew itself for one additional three-year term unless either party, within thirty (30) days of the expiration of the agreement, provides written notice to the other party of its intent to discontinue the agreement." The parties executed the contract on July 14, 2014, and Psalm Trucking began work that very day. The contract expired in July of 2018, without the Police Jury sending notice of any intent to terminate the agreement; as a result, the contract was renewed for an additional three-year term as provided in the original contract.

Citing fiscal reasons, the Police Jury decided to rebid the sanitation contract in 2020. Although Psalm Trucking participated in the bidding process another contractor was awarded the contract. The new contractor was to replace Psalm Trucking and commence work on August 1, 2020. Psalm Trucking reminded the Police Jury that its contract was not due to

expire until July 14, 2021; in turn, the Police Jury continued the contract terms and allowed Psalm Trucking to continue providing services until the fiscal year ending December 31, 2020. Although Psalm Trucking did not agree to this term, it continued to provide garbage collection and disposal services until the new contractor began on January 1, 2021.

On August 4, 2020, Psalm Trucking filed suit against the Police Jury for breach of contract and unfair trade practices. On April 14, 2023, the Police Jury filed a motion for summary judgment, arguing that the contract was null and void pursuant to La. R.S. 39:1410.60(A) because it was neither submitted to nor approved by the Louisiana State Bond Commission (the "Commission"). On May 23, 2023, the trial court ruled in favor of the Police Jury, granting the motion for summary judgment and dismissing Psalm Trucking's lawsuit with prejudice. Psalm Trucking now appeals, asserting two assignments of error: (1) the trial court erred in failing to find that the contract was controlled by La. R.S. 33:4169.1(A)(3), as opposed to La. R.S. 39:1410.60(A), and (2), the trial court erred in failing to find that the doctrine of detrimental reliance applied to the case.

## DISCUSSION

**La. R.S. 39:1410.60**

In its first assignment of error, Psalm Trucking argues that the trial court failed to find that the contract with the Police Jury was controlled by La. R.S. 33:4169.1(A)(3) rather than La. R.S. 39:1410.60(A). La. R.S. 39:1410.60(A) provides:

> *No parish, municipality, public board, political or public corporation, subdivision*, or taxing district, and no road or subroad district, school district, sewerage district, drainage or subdrainage district, levee district, waterworks or subwaterworks district, irrigation district, road lighting district, harbor and terminal district, or any other political

2

subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state *shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt*, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, where they are authorized by the constitution or laws of the state so to do, *without the consent and approval of the State Bond Commission*. (emphasis added).

Furthermore, La. R.S. 33:4169.1(A)(3) provides:

A. The governing authority of every parish or municipality shall have the following powers:

(3) To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.

Psalm Trucking argues that the Commission does not need to approve its contract with the Police Jury because La. R.S. 33:4169.1(A)(3) is an exception to La. R.S. 39:1410.60(A). We disagree.

Under Louisiana law, political subdivisions do not have the authority to incur debt without the Commission's prior consent and approval. Considering that the Police Jury did not obtain consent and approval from the Commission prior to the contract with Psalm Trucking, the contract is void *ab initio*, and the obligation underlying the agreement is, thus, unenforceable. We decline to accept Psalm Trucking counsel's position that La. R.S. 33:4169.1(A)(3) is an exception to La. R.S. 39:1410.60(A). The Police Jury is correct that the two statutes should be read in tandem. Therefore, the statutes should be read to convey that the Commission's approval is required for multi-year contracts that do not contain a non-appropriation clause. La. R.S. 39:1410.60(A). However, such time contracts may not exceed the 10-year and 25-year limitations outlined in La. R.S. 33:4169.1(A)(3). The failure of governmental agencies to obtain the

3

requisite consent and approval of the Commission is not rare. While it is the law, we are aware that this statute opens the door for potential abuse by government agencies that are *fully* cognizant of their requirement to obtain the proper consent and approval of the Commission *prior* to the incurrence of debt on the part of the municipalities and other political subdivisions. Nonetheless, this assignment of error lacks merit.

**Detrimental Reliance: Non governmental vs. Governmental**

Secondly, Psalm Trucking argues that the trial court failed to find that the doctrine of detrimental reliance applied to this case. In support of this argument, Psalm Trucking cites *Murray v. Bostwick*, 52,802 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1120. In *Murray*, *supra*, this court stated, "[t]o recover under the theory of detrimental reliance, a plaintiff must prove the following three elements by a preponderance of the evidence: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance." Psalm Trucking asserts that all three elements are met. They argue that (1) the Police Jury represented its desire to contract with them, (2) their reliance was justified, and (3) they were damaged by relying on the Police Jury's representations. They explain that under the contract, the Police Jury was to pay $13 per residential unit per month, plus a fuel charge of $0.45 per gallon if fuel reaches $4.15 per gallon. Psalm Trucking claims that this amounts to $59,267 per month, and therefore, the contract ending 6 1/2 months early has cost them an estimated $385,000.

The Louisiana Supreme Court in *Luther v. IOM Co., LLC*, 13-0353 (La. 10/15/13), 130 So. 3d 817, held that "... proving detrimental reliance against a governmental agency should be more burdensome, requiring: (1)

4

unequivocal advice from an unusually authoritative source, (2) reasonable reliance on that advice by an individual, (3) extreme harm resulting from that reliance, and (4) gross injustice to the individual in the absence of judicial estoppel." The record is devoid of any proof showing Psalm Trucking met the elements required for detrimental reliance by a governmental entity. Based on this absence of proof, this assignment of error also lacks merit.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court. All costs of this appeal are assessed against the appellant, Psalm Trucking.

**AFFIRMED.**